ing factors are applied in the final step.[2] Accordingly, in our view, petitioners have failed to meet their burden of demonstrating that DOH acted irrationally in setting their per diem rates during the period in question; "[w]ithin the parameters set by the Legislature, DOH has advanced ample explanation for setting rates" consistent with its historical practice (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d at 545; *see Matter of St. Margaret's Ctr. v Novello*, 23 AD3d 817, 819 [2005]; *Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d at 794; *Matter of A. Holly Patterson SNF v Chassin*, 196 AD2d 155, 159-160 [1994]).

Finally, inasmuch as DOH's conversion computation methodology was an interpretation of an express statutory mandate, it was not a formal rule within the meaning of State Administrative Procedure Act § 102 (2) (*see Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d at 794-795; *Matter of A. Holly Patterson SNF v Chassin*, 196 AD2d at 161).

Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgments are affirmed, without costs.

■ In the Matter of SAMUEL HAMILTON, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [955 NYS2d 899]—Malone Jr., J.

Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered

2. To the extent that petitioners contend that DOH's explanation of the methodology does not match the manner in which the calculation was presented on their rate sheets, DOH presented evidence that the rate sheets did not reflect the order in which the calculations were actually performed and, in any event, the result remains the same regardless of petitioners' challenge to the order.

that the appeal is dismissed, as moot, without costs. 

██ BETSY FEUER, Appellant, v STATE OF NEW YORK, Respondent. [957 NYS2d 499]—

Kavanagh, J.

After submitting this application, claimant received a letter from the Retirement System dated March 23, 2010, which summarized her retirement benefits and established her monthly pension payment. Later, more then 30 days after the effective date of her retirement, claimant notified the Retirement System that she wanted to change her retirement selection to the Maximum option. After the Retirement System denied her request, claimant brought an application seeking permission to